COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Bray and Annunziata


CHESAPEAKE BAY CONTRACTORS, INC. AND
 TRANSCONTINENTAL INSURANCE COMPANY

v.   Record No. 0799-00-1

DONALD L. SEEKINS, II                    MEMORANDUM OPINION*
                                            PER CURIAM
DONALD L SEEKINS, II                     AUGUST 22, 2000

v.   Record No. 0842-00-1

SUPPORT SERVICES OF VIRGINIA, INC. AND
 EMPLOYERS INSURANCE OF WAUSAU


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

          (Jennifer G. Marwitz; Law Offices of Roya
          Palmer Ewing, on brief), for Chesapeake Bay
          Contractors, Inc. and Transcontinental
          Insurance Company.

          (Alan P. Owens, on briefs), for Donald L.
          Seekins, II.

          (Stephen A. Strickler; Inman & Strickler,
          P.L.C., on brief and on brief amicus
          curiae), for Support Services of Virginia,
          Inc. and Employers Insurance of Wausau.


     Chesapeake Bay Contractors, Inc. and its insurer

(hereinafter referred to as "Chesapeake") contend that the

Workers' Compensation Commission (commission) erred in finding

that Donald L. Seekins, II's (claimant) ankle instability,

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

disability, and need for surgery after December 1, 1998 were attributable to an injury while he was employed with Chesapeake, rather than a result of a subsequent accident on July 30, 1998, while working for Support Services of Virginia, Inc. ("Support Services"). Upon reviewing the record and the briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the commission's decision. See Rule 5A:27.[1]

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). "The actual determination of causation is a factual finding that will not be disturbed on appeal if there is credible evidence to support the finding." Ingersoll-Rand Co. v. Musick, 7 Va. App. 684, 688, 376 S.E.2d 814, 817 (1989). "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing." Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).

In ruling that it was unable to find by a preponderance of the evidence that a causal relationship existed between claimant's July 30, 1998 work accident, while in the employ of

---

[1] Because our ruling in Chesapeake's appeal disposes of the issue in favor of claimant, we need not address the issues raised by claimant in his appeal filed against Support Services and its insurer, Record No. 0842-00-1. Therefore, we dismiss claimant's appeal as moot.

Support Services, and his disability and need for medical treatment beginning in December 1998, the commission found as follows:

> [C]laimant missed only a couple of days from work for medical appointments following the July 30 incident, and then continued working until December 1, 1998. Near this latter date, the claimant sustained another injury to his ankle, when it gave way while he was walking on a concrete surface. Following this injury, Dr. [Peter] Jacobson imposed light duty restrictions, and scheduled surgery.
>
> . . . The evidence shows only a brief period of disability following the July 30 accident. According to Dr. Jacobson, determining the contribution of this incident to the present disability and need for medical treatment is "crystal ball stuff," and the July 30 accident was a "reflection" of the pre-existing instability. On this evidence, the causal relationship [between the July 30 accident and the December 1 disability] is merely speculative, and is not proven by a preponderance of the evidence.

The commission's findings are supported by credible evidence, including claimant's testimony and the medical records, deposition, and opinions of Dr. Jacobson. Based upon Dr. Jacobson's deposition testimony, his reports, and claimant's medical records, viewed in their entirety, the commission, as fact finder, could reasonably infer that the July 30, 1998 incident was a temporary aggravation of claimant's pre-existing right ankle problems, not a contributing cause to his ankle instability which resulted in his disability and need for

surgery after December 1, 1998.[2]  "Where reasonable inferences may be drawn from the evidence in support of the commission's factual findings, they will not be disturbed by this Court on appeal."  Hawks v. Henrico County Sch. Bd., 7 Va. App. 398, 404, 374 S.E.2d 695, 698 (1988).

For these reasons, we affirm the commission's decision.

Record No. 0799-00-2 -- Affirmed.
Record No. 0842-00-2 -- Dismissed.

---

[2] Chesapeake argues in its brief that no specific accident caused claimant's ankle instability and subsequent need for surgery.  Chesapeake asserts that the evidence showed that claimant's ankle instability was caused by a series of accidents and that claimant could not prove which accident caused his post-December 1998 problems.  Chesapeake did not make this argument before the commission.  Accordingly, we will not consider it for the first time on appeal.  See Rule 5A:18.

- 4 -